## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

YSL ENTERPRISES, INC.,           *
                                 *
            Plaintiff,           *
                                 *
    v.                           *        1:18-CV-03445-ELR
                                 *
STREAMCUT MEDIA, LLC,            *
                                 *
            Defendant.           *
                                 *

## ORDER

Presently before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). [Doc. 13]. The Court's rulings are set forth below.

### I.    Background

On July 17, 2018, Plaintiff YSL Enterprises, Inc. filed suit against Defendant StreamCut Media, LLC alleging copyright infringement related to numerous sound recordings purportedly owned by Plaintiff pursuant to a 2016 recording agreement (the "Agreement) between Plaintiff and recording artist Sergio Kitchens, who is professionally known as "Gunna." Compl. at ¶ 1 [Doc. 1]. On August 23, 2018, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) arguing Plaintiff lacked standing to bring this action.

## II.    Discussion

### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of a complaint where the court lacks jurisdiction over the subject matter. "When a defendant challenges a plaintiff[']s standing by bringing a Rule 12(b)(1) motion, the plaintiff bears the burden to establish that jurisdiction exists." McCabe v. Daimler Ag, No. 1:12-cv-2494-MHC, 2015 WL 11199196, at *2 (N.D. Ga. Aug. 19, 2015).

There are two types of challenges to a district court's subject matter jurisdiction: facial attacks and factual attacks. Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008). "A facial attack on the complaint requires the court merely to look and see if the plaintiff sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." Id. at 1232–33. "By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." Id. at 1233. When factual attacks are made, the trial court

> may proceed as it never could under 12(b)(6) or FED. R. CIV. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Morrison v. Amway Corp., 323 F.3d 920, 925 n.5 (11th Cir. 2003).

To survive a motion to dismiss on lack of Article III standing, Plaintiff must allege the following: "(1) that he has suffered an actual or threatened injury, (2) that the injury is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable ruling." Harris v. Evans, 20 F.3d 1118, 1121 (11th Cir. 1994) (en banc).

b. Analysis

The gravamen of Defendant's argument is that Plaintiff lacks standing because it has no interest in the copyrights at issue, and thus, cannot suffer an actual or threatened injury. Specifically, Defendant argues that (1) the contract between YSL Enterprises, LLC and Kitchens is void because YSL Enterprises, LLC was a "non-existent entity" at the time of the Agreement and (2) even if YSL Enterprises, LLC owns the copyrights, Plaintiff has not alleged YSL Enterprises, LLC transferred that ownership to Plaintiff YSL Enterprises, Inc. [Doc. 13 at 2].

Plaintiff argues that Defendant is simply trying "to avoid the consequences of its infringement by arguing that a mere scrivener's error in the Agreement – the use of YSL's former suffix, 'LLC,' instead of the present one, 'Inc.' – rendered it a nullity." [Doc. 16 at 5].

The relevant facts regarding Plaintiff's corporate structure and the events surrounding the Agreement are below:

Plaintiff asserts, through the declaration of Jeffrey Williams, the sole officer and shareholder of Plaintiff, that it was originally a limited liability company organized under the laws of Georgia in January 2014. Decl. of Jeffery Williams at ¶¶ 1-2 [Doc. 16-1] ("Williams Decl."). On April 27, 2016, YSL Enterprises, LLC converted from a limited liability company to a corporation pursuant to O.C.G.A. § 14-2-1109.2. Id. at ¶ 3. As a corporation, YSL Enterprises, Inc., maintained the same identity of ownership and continued conducting the same business purposes. Id. at ¶ 4.

On October 21, 2016, Kitchens entered into the Agreement at issue. In relevant part, the Agreement states: "This agreement (the 'Agreement'), when signed below, constitutes a legally binding agreement between Sergio Kitchens p/k/a 'Gunna' (hereinafter 'you' and 'Artist') and YSL Enterprises, LLC, ('we' and 'Company') regarding our engagement of you as our exclusive recording and performing artists." Id. at ¶ 5; Agreement at 1 [Doc. 16-5]. Plaintiff asserts that this Agreement, *inter alia*, granted Plaintiff "the ownership of all copyrights and other rights in all master recordings embodying [Kitchens'] performances." Doc. 16 at 7; see also Williams Decl. at ¶ 5; Agreement at 1.

On February 7, 2018, Plaintiff asserts that subsequently Kitchens and Plaintiff entered into an amendment to the Agreement (the "Amendment") which provided (1) an additional advance to Kitchens, (2) expressly ratified all other terms and

4

conditions of the Agreement, and (3) listed Plaintiff's name as "YSL Enterprises, Inc." and not "YSL Enterprises, LLC." Compl. at ¶ 11; Williams Decl. at ¶ 6; Amendment at 1 [Doc. 16-6]; Doc. 16 at 8.

"It is well established that any mistake in a contract, consisting of an unintentional act or omission, that is a clerical error, which in no way changes the contract or the relationship of the parties should not be permitted to defeat the clear intention of the parties." In Matter of High-Top Holdings, Inc., 564 B.R. 784, 797 (Bankr. N.D. Ga. 2017) (citing Zakaria v. McElwaney, 329 S.E.2d 310, 311-12 (Ga. Ct. App. 1985)).

After careful review, the Court finds the inclusion of "LLC" at the end of YSL Enterprises, instead of "Inc." in the Agreement was a mere clerical error. "Considering the contract as a whole, it is apparent that the" inclusion of LLC instead of Inc. "constitutes no more than an inadvertent and superfluous error on the part of the drafter." Benedict v. Snead, 519 S.E.2d 905, 907 (Ga. 1999). It is clear that Plaintiff and Kitchens intended to enter into an agreement providing ownership of Kitchens' copyrights to Plaintiff. Furthermore, the Amendment not only clearly listed Plaintiff's name as "YSL Enterprises, Inc." but also expressly ratified all other terms and conditions of the Agreement. Accordingly, contrary to Defendant's argument, it was the clear intent of the parties to execute an agreement between

Plaintiff and Kitchens, and thus, Plaintiff has sufficiently proven it has standing to assert its copyright claims against Defendant.

Notwithstanding the above, Defendant's second argument that even if YSL Enterprises, LLC existed and entered into the Agreement with Kitchens, it did not "transfer" its ownership of the copyrights to YSL Enterprises, Inc., also fails.

Pursuant to Georgia law, when an entity makes the election to convert from an LLC to a corporation, that conversion does not constitute a dissolution of the entity making the election and shall constitute a "continuation of the existence of the entity making the election in the form of a corporation. A corporation formed by an election pursuant to this Code section shall for all purposes be deemed to be the same entity as the entity making such election." O.C.G.A. § 14-2-1109.2(d). Defendant has not provided the Court with any case law asserting the transfer of copyrights is excluded from the above statute. Thus, Defendant's argument fails that YSL Enterprises, LLC was required to separately transfer any ownership rights it may have to YSL Enterprises, Inc.

Accordingly, the Court denies Defendant's motion to dismiss for lack of standing.

### III.    Conclusion

The Court **DENIES** Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). [Doc. 13].

6

**SO ORDERED**, this _7ᵗʰ_ day of February, 2019.

Eleanor L. Ross
United States District Judge
Northern District of Georgia

7